IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DALEVECCIO T. THOMAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:23CV786 |
| ) | |
| EDDIE BUFFALOE, ) | |
| ) | |
| Respondent. ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a Letter in which he seeks to change the running of his sentences and asks questions of the Court concerning their calculation. This Court does not investigate or answer questions filed by parties. It also is not a court of the state of North Carolina and has no knowledge of or control over sentences issued by those courts or the calculation of those sentences by prison officials. Therefore, it would not and, in this case could not, answer any questions regarding Petitioner's sentence. Nevertheless, to any extent Petitioner might claim his current sentences are somehow unlawful in violation of his federal constitutional rights, the document he filed is not a recognizable method for challenging them on that basis. Instead, the proper avenue for such an attack is ordinarily a petition for habeas corpus. Out of an abundance of caution, the Court will construe the submission as a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. For the following reasons, the Petition cannot be further processed.

1. The filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

2. Petitioner did not use the required § 2254 Forms. Rule 2, R. Gov. § 2254 Cases.

Because of these pleading failures, the Petition will be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted.[1] The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this Petition. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). If Petitioner seeks to challenge his sentences under § 2254, he should request the proper forms from the Clerk's Office after exhausting any remedies in the state courts. He may also seek to challenge the calculation of his sentences in which case he should request the proper forms for filing under 28 U.S.C. § 2241 and use those to file after exhausting any remedies.

---

[1] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first petition which would later trigger the prohibitions against second or successive petitions found in 28 U.S.C. § 2244(b). However, if Petitioner chooses to later submit a § 2254 petition that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2254 petition decided on its merits. Second or successive petitions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a petition. 28 U.S.C. § 2244(b). That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a petition. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must request and use the proper § 2254 forms, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. Petitioner may also choose not to submit a petition. Finally, if Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2254 forms in that instance.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition which corrects the defects of the present Petition.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be construed as a habeas petition under 28 U.S.C. § 2254 and dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition or pursuing any remedies in the state courts. Any new petition must be accompanied by either the five dollar filing fee or a current application to proceed *in forma pauperis*.

This, the 13th day of September, 2023.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

-3-

Case 1:23-cv-00786-LCB-LPA    Document 2    Filed 09/13/23    Page 3 of 3